UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: _____

IN RE: Clark, Karen Gail

    **Debtor**
_____/

## CHAPTER 13 PLAN

The debtor submits the following Chapter 13 plan:

1. The future earnings of the debtor is submitted to the supervision and control of the Trustee, and the debtor shall pay to the Trustee the sum of $1,283.00 per month for months 1-12. From months 13-24 the debtor shall pay to the Trustee a sum of $1,436.00 From months 25-36 the debtor shall pay to the Trustee a sum of $1,656.00. From months 37-60 the debtor shall pay to the Trustee a sum of $1,845.00.

2. From the payments so received, the Trustee shall make disbursements as follows:

A. **PRIORITY CLAIMS**
   1. The fees and expenses of the Trustee shall be paid over the life of the plan.
   2. **Salie Mae:** $36,370.00. The Debtor shall pay to the Trustee $51.00 per month for the life of the plan.

B. **SECURED CLAIMS**

   1. **GMAC MORTGAGE:** Holds a first mortgage on the debtors' principal residence. The Trustee shall make the current monthly mortgage payments of $830.00 over the life of the plan. There is currently an arrearage in the mortgage

payments in the amount of $30,000.00. The Trustee shall pay this creditor $200.00 per month for months 1-12. Then $339.00 per month for months 13-24. Then $539.00 per month for months 25-36. Then 711 per month for months 37-60.

2. **NATINAL AUTO FINANCE**:   Is owed $5,000.00 The Trustee shall pay this creditor $83.00 per month for the life of the plan.

C. **UNSECURED CLAIMS:**

Unsecured creditors will receive what they would have been entitled to under a chapter 7 in this particular case. Therefore, unsecured creditors will not be receiving any payments.

3.**Miscellaneous Provision:** Any claims filed after the claims bar date shall receive no distribution under the plan unless specifically provided for above. Each secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328. If this case is dismissed or converted without completion of the plan, such lien shall also be retained by the holder to the extent recognized by applicable non-bankruptcy law. The debtor does not reject any executory contracts. The debtor shall have a period of 30 days following expiration of the claims deadline within which to object to or value any claim. The terms of the confirmed plan and any order confirming a plan shall not be res judicata as to any claim to which debtor objects or files a motion to value.

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and or deeds of trust on the principal residence of the debtors to do all of the following:

1. To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this plan, the prepetition arrears shall include all sums included in the allowed proof of

claim and shall have a 0 balance upon entry of the Discharge order in this case.

2. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

3. To apply the direct post-petition monthly mortgage payments paid by the trustee or by the debtors to the month in which each payment was designated to be made under the plan or directly by the debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forebearance or similar account.

4. If any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the debtor's completion of the plan, unless specifically provided for by order of the Court on motion filed prior to completion of the plan.

Dated: *July 6, 2011*

_/s/ George Beckus_

George Beckus Esq
Florida Bar No.: 0898511
The Golik Law Firm
7545 Centurion Pkwy Ste., 303
Jacksonville, FL 32256
904-448-5335
904-212-0261
Attorney for debtor